UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD TAHSEEN AFZAL, | No. 2:20-cv-1615 DB P |
| Plaintiff, | |
| v. | ORDER AND |
| WENDY KAY, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.   Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**II.   Pleading Requirement**

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**III.    Discussion**

Plaintiff's complaint is written in a mostly illegible script and is difficult to comprehend. As best as the Court can determine, plaintiff brings this action against Wendy Kay, his ex-girlfriend, following his 2013 arrest on charges of criminal threats and assault with a deadly weapon, and his 2014 conviction thereon. Based on an attachment to the complaint[1], Ms. Kay was the victim in the criminal action that underlies plaintiff's current term of incarceration. The claims that plaintiff asserts against Ms. Kay include, *inter alia*, false charges, wrongful arrest, perjury, and improper search and seizure.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48–49

---

[1] This attachment is an incomplete copy of plaintiff's opening brief on appeal to the California Court of Appeal, Third Appellate District, following his 2014 conviction. (ECF No. 1 at 18-29.)

1  (1988). Here, there is no suggestion that Ms. Kay was acting under color of state law at any
2  relevant point and, therefore, a civil rights action cannot be maintained against her.

3        Furthermore, insofar as plaintiff seeks damages for an allegedly unconstitutional
4  conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has
5  been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal
6  authorized to make such determination, or called into question by a federal court's issuance of a
7  writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A
8  claim for damages bearing that relationship to a conviction or sentence that has not been so
9  invalidated is not cognizable under § 1983." Id. at 488; Nettles v. Grounds, 830 F.3d 922, 933
10 (9th Cir. 2016) (en banc) ("[H]abeas corpus is the exclusive remedy to attack the legality of [a]
11 conviction or sentence...."), cert. denied, ––– U.S. –––, 137 S. Ct. 645 (2017). Examination of
12 the Court's docket reveals that plaintiff has already filed a petition for writ of habeas corpus
13 regarding the same conviction at issue here, Afzal v. Kay, 2:20-cv-1614-AC, thus confirming that
14 neither his conviction nor sentence has yet been reversed.

15       Finally, insofar as plaintiff seeks an earlier release based on Ms. Kay's alleged
16 improprieties, he is hereby informed that federal law opens two main avenues to relief on
17 complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint. See
18 Muhammad v. Close, 540 U.S. 749, 750 (2004). "[H]abeas is the exclusive vehicle for claims
19 brought by state prisoners that fall within the core of habeas corpus, and such claims may not be
20 brought in a § 1983 [civil rights] action." Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016)
21 (en banc). Nettles further sets forth "the correlative rule that a § 1983 action is the exclusive
22 vehicle for claims brought by state prisoners that are not within the core of habeas corpus." Id.
23 That is, claims challenging "the fact or duration of the conviction or sentence" are within the core
24 of habeas, while claims challenging "any other aspect of prison life" are properly brought as civil
25 rights actions. Id. at 934. Any claim therefore that seeks his earlier release must be pursued in his
26 habeas action.
27 ////
28 ////

**IV.     Conclusion**

For the aforementioned reasons, plaintiff may not maintain a civil rights action against Wendy Kay. The undersigned finds that further amendment in this case would be futile. The Court is persuaded that plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this case; and

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  August 25, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/afza1615.scrn

4